**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER: 26-cr-491** |
| | : | |
| **GUANGTIAN HA** | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Defendant Guangtian Ha, by undersigned counsel, respectfully submits this response in opposition to the Government's Motion for Pretrial Detention. Because there are conditions that will reasonably ensure Mr. Ha's appearance at trial and the safety of the community, he should be released with conditions under the Bail Reform Act of 1984. 18 U.S.C. § 3142(c).

**ARGUMENT**

The Bail Reform Act of 1984 reflects the constitutional principle that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). In recognition of the defendant's "presumption of innocence," 18 U.S.C. § 3142(j), the statute's default position is that a defendant should be released pending trial. 18 U.S.C. § 3142(b) & (c); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Accordingly, the statute permits pretrial detention only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).[1]

[1] This is not a matter under 18 U.S.C. § 3142(e)(2) and there is no presumption of detention.

To determine whether there are conditions of release that can reasonably protect against risk of flight and dangerousness, the court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger posed by the defendant's release. *Id.* § 3142(g). To justify pretrial detention, the government must prove by "clear and convincing evidence" that no conditions "will reasonably assure the safety of any other person and the community." *Id.* § 3142(f)(2). Alternatively, the government must prove by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance in court as required. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). The burden remains on the government to meet the requirements permitting detention. *Id.* at 160-61.

Here, the government does not argue in its detention motion that Mr. Ha poses a risk of non-appearance. The government also does not appear to argue that Mr. Ha poses a danger to the general community at large.[2] Rather, the government moves for detention solely based on a perceived risk to the individual complainant in this case. A review of the factors listed under 18 U.S.C. § 3142(g) demonstrates the government cannot meet its burden to show by "clear and convincing evidence," § 3142(f), that "no condition or combination of conditions will reasonably assure . . . the safety of any other person," § 3142(e).

**A. The history and characteristics of the person**

The Bail Reform Act requires the Court to consider the history and characteristics of the person, including—

> (A)the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

[2] Nor can detention be based on a risk that Mr. Ha will commit a future crime of cyberstalking against the community at large as cyberstalking is not one of the enumerated offenses specified in the Bail Reform Act, 18 U.S.C. § 3142(f)(1). *Himler*, 797 F.2d at 160.

> community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law…

18 U.S.C. § 3142(g)(3). Every one of the factors described in this subsection weighs heavily in favor of release. Now 42 years old, Mr. Ha was born in Tianjin, China, graduated from Peking University, and came to the United States in 2007 to attend graduate school at Columbia University. After he obtained his Ph.D. in cultural anthropology in 2014, he went to the School of Oriental and African Studies in the University of London on a three-year postdoctoral research fellowship. He then taught at the Hong Kong University of Science and Technology from 2017 to 2018. In 2018, Mr. Ha was hired by Haverford College to teach in their Religious Studies Department. Mr. Ha was promoted to associate professor and earned tenure. He is a lawful permanent resident and has lived in the Haverford area with his wife and school-aged daughter for the past eight years. There are no allegations that he is a flight risk.

Mr. Ha has no prior criminal record and no prior instances of violating any court order of any type. He has no record or history of drug or alcohol abuse. He has never owned a firearm. His family has been Muslim for generations and he practices Islam. He attends weekly Friday prayers with an Islamic religious group in the Philadelphia area. None of this background indicates that he is a danger to anyone.

**B. The weight of the evidence**

The weight of the evidence, to be considered under 18 U.S.C. § 3142(g)(2), is sufficient for a Grand Jury to return an Indictment in this matter. However, the Bail Reform Act specifies

"Nothing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j).

**C. Nature and circumstances of the offense charged/Nature and seriousness of the danger to any person**

The government argues that Mr. Ha should be detained based on the nature of the offense charged and the danger posed to the particular complainant. 18 U.S.C. § 3142(g)(1), (4). The charged offense and the contents of the posts are indeed shocking and offensive. However, the offense charged does not constitute, nor does the government argue that it constitutes, one of the enumerated offenses described in subsection (g)(1). There was no violence committed,[3] no weapons or explosives possessed, it was not a crime of terrorism nor a child sex trafficking crime, and no controlled substances were involved.

The allegations describe entirely virtual conduct with no physical contact. Contrary to the government's arguments, there are conditions that can reasonably assure no contact, either physical or virtual, between Mr. Ha and the complainant. In addition to a stay away order, the Court could require that Mr. Ha reside in a different town or county than Haverford College, where the complainant resides. The Court could require that Mr. Ha stay away from Haverford College, where the complainant works. Mr. Ha understands that Haverford College has barred his access to campus and has placed him on administrative leave. The Court could impose conditions of home detention or curfew with a GPS monitor. The Court could also require computer monitoring software be placed on Mr. Ha's electronic devices.

The government essentially argues that Pretrial Services computer monitoring software can never be sufficient in cases involving the internet. Yet, such conditions are routinely set in

[3] *See United States v. Mangione*, 818 F. Supp. 3d 509 (S.D.N.Y. 2026) (cyberstalking is not a crime of violence).

cases of defendants accessing contraband via the darkweb and via peer-to-peer networks. The level of technology used in the commission of the instant offense is no more advanced than the level of technological knowledge needed to access the darkweb and use peer-to-peer networks. Anonymous email addresses, such as a Proton mail account, can be set up by anyone, anywhere, simply by going to the Proton website which can be found via Google. Using a Virtual Private Network, or a VPN, is standard for many businesses or for people wishing to access private information, such as their bank account, via public Wi-Fi networks (such as at the airport or in a coffee shop). It is not a high-tech tool and there are articles on the benefits of using a VPN on mainstream websites such as Forbes.com.[4]

The government relies on the case of *United States v. Kyle*, No. CR 25-122-KSM, 2025 WL 1519908 (E.D. Pa. May 28, 2025), to argue that Pretrial Service's computer monitoring software is insufficient to reasonably assure the safety of the complainant from any on-line contact from Mr. Ha. Govt' Mtn at 10. Yet that case exemplifies why Mr. Ha *should* be released with conditions. The defendant in *Kyle* had been previously charged with assaulting the victim. *Id.* at *2. Years later he delivered a package of Drano to her house, encouraged her to commit suicide by drinking the Drano, and activated a GPS tracker on her car. *Id.* at *3. After the defendant committed other actions targeting the victim, he was arrested by local authorities, and he was permitted out on bail for several months. *Id.* at *5. He was not ordered detained until after he had violated the terms of his bail by contacting the victim via email and the case was adopted by federal authorities. *Id.* at *5-6. In arguing for detention in the federal case, the Government highlighted that Kyle had "shown a disregard for the state court's no-contact order." *Id.* The

[4] https://www.forbes.com/advisor/business/software/vpn-pros-cons/

Government also noted Kyle's background in cybersecurity. *Id.* Kyle worked as a "Cyber Intelligence Analyst Manager" for Lockheed Martin. *Id.* at *4.

Unlike the defendant in *Kyle*, Mr. Ha is a professor of religious studies. He has no specialized training or skills in cybersecurity. Kyle had several firearms in his house. *Id.* at *4. Mr. Ha has none. Kyle was charged with leaving physical items at the victim's house and on her car. *Id.* at *3. There are no such allegations of physical contact in this case. Most significantly, at the time of the federal detention hearing, Kyle had previously violated a state court order. Mr. Ha has never violated a court order. Kyle, with all the allegations against him, had only been detained after he had violated a court order. There is nothing in Mr. Ha's history indicating that he would be unable or unwilling to follow an order of the Court. The government's reliance on *Kyle* is unavailing. Likewise, the government's reliance on *United States v. Benevolence International Foundation, Inc.*, 222 F. Supp. 2d 1005 (N.D. Ill. 2002), is unhelpful as that matter was focused on the defendant's flight risk, which the government has not raised in the instant matter.

**CONCLUSION**

The government fails to meet its burden to show by clear and convincing evidence that no combination of conditions exist that would reasonably assure the safety of the complainant in this matter from actions of Mr. Ha. Entering a stay-away order; requiring Mr. Ha to live in a different town, county, or even district; imposing conditions of home detention with GPS monitoring; and installing computer monitoring software on his electronic devices would combine to more than reasonably assure that Mr. Ha does not contact the complainant in this matter. There is no reason to believe that he would violate any court-imposed orders. And no one

has alleged that he is a flight risk. Therefore, the government's motion should be denied and Mr. Ha should be released with conditions.

Respectfully submitted,

*/s/ Susan M. Lin*

______________________________

SUSAN M. LIN
Kairys, Rudovsky, Messing, Feinberg & Lin, LLP
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

(215) 925-4400
slin@krlawphila.com

**CERTIFICATE OF SERVICE**

I, Susan M. Lin, hereby certify that I have electronically filed and served a copy of the Defendant's Response in Opposition to Government's Detention Motion upon Assistants United States Attorney Anthony Carissimi, Sima Kazmir, and Mark Dubnoff through the United States District Court for the Eastern District of Pennsylvania's Electronic Case Filing (CM/ECF) system.

*/s/Susan M. Lin*

SUSAN M. LIN
Kairys, Rudovsky, Messing, Feinberg & Lin LLP
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

(215) 925-4400
slin@krlawphila.com

DATE: October 13, 2026